# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Anthony Scott Leach, # 23342-058, ) | Case No. 2:17-cv-1669-RMG-MGB |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Gio Ramirez, Warden, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

Anthony S. Leach ("Petitioner") has filed a habeas petition pursuant to 28 U.S.C. § 2241, seeking to challenge the enhancement of his federal sentence imposed by the United States District Court for the Western District of North Carolina. Petitioner is a federal prisoner incarcerated at the Federal Correctional Institution ("FCI-Williamsburg") located in Salters, South Carolina. Petitioner is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2), the United States Magistrate Judge is authorized to review the record and to submit findings and recommendations to the United States District Judge. Upon careful review, the Magistrate Judge recommends that the Complaint be **summarily dismissed**, without prejudice, and without issuance and service of process, for the following reasons:

**I. Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. Rule 1(b) of the Rules Governing Section 2254 Cases provides that the rules pertaining to § 2254 proceedings apply to habeas petitions brought pursuant to 28 U.S.C. § 2241. Pursuant to Rule 4(b) of the Rules Governing Section 2254 Proceedings, district courts are directed to promptly

examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Rule 4 of the Rules Governing Section 2254 Cases provides that a district court may summarily dismiss a habeas petition if it plainly appears from the record that the petitioner is not entitled to any relief.

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. *See also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## II. Background

As recited by the United States District Court for the Western District of North Carolina:

> In October 2008, the Wilkes County Sheriff's Office learned of Petitioner's involvement in the distribution of cocaine in Wilkes County, North Carolina. (Criminal Case No. 5:09–cr–16, Doc. No. 40 at 3: PSR). On October 16, 2008, officers conducted a controlled purchase of approximately two ounces of crack cocaine from Petitioner through a confidential informant. (Id.). Before the purchase, the confidential informant placed a series of recorded phone calls to Petitioner at a pre-surveillance planning meeting. (Id.). Upon analysis, the crack cocaine purchased from Petitioner totaled 56.5 grams. (Id.).
>
> On February 5, 2009, after Petitioner was stopped and placed under arrest for operating a vehicle with a revoked license and after a small amount of crack cocaine was located in that vehicle, officers executed a search warrant at Petitioner's residence at 1878 Highway 18 North in North Wilkesboro. (Id. at 4). During the search, law enforcement located 93 rocks of crack cocaine in the bedroom in a pair of pants and $1,700. (Id.).

> Subsequent testing indicated that the drugs obtained from the search totaled 16 .9 grams of crack cocaine. (Id.). On March 17, 2009, the Grand Jury for the Western District of North Carolina charged Petitioner with two counts of possession with intent to distribute crack cocaine, one count in violation of 21 U.S .C. §§ 841(a)(1) and (b)(1)(A), and the second in violation of 21 U.S .C. §§ 841(a)(1) and (b)(1)(B).

*Leach v. United States*, W.D.N.C. Case No. 5:09-cv-16-RLV, 2013 WL 6800829 (Dec. 23, 2013).

On July 7, 2009, Petitioner pleaded guilty to both counts in federal court. The presentence investigation report ("PSR") calculated an advisory guidelines range of 262 to 327 months imprisonment based on a total offense level of 34 and a criminal history category of VI. Based on Petitioner's prior North Carolina convictions in 1996 for voluntary manslaughter and in 2005 for possession with intent to manufacture, sell, or deliver cocaine, the PSR indicated that Petitioner qualified as a career offender under U.S.S.G. § 4B1.1.[1] At the sentencing hearing on October 6, 2010, Petitioner's counsel made several objections to the PSR, including to Petitioner's status as a career offender. The District Court overruled defense counsel's objections and sentenced Petitioner to 262 months imprisonment, i.e. at the bottom of the advisory sentencing guideline range. *See Leach*, 2013 WL 6800829 at *1 (setting forth procedural history of case).

Petitioner appealed his sentence, arguing that his North Carolina conviction for "Possession With Intent To Manufacture, Sell or Deliver Cocaine" was not a qualifying felony for purposes of USSG § 4B1.1(a) (2009). Petitioner argued that he had received only a nine-to-eleven-month (9-11) sentence for that predicate crime. The Fourth Circuit Court of Appeals affirmed the Petitioner's federal sentence, explaining that:

> [W]hile Leach was only sentenced to nine-to-eleven months, his offense was punishable by more than twelve months, as the state court had the

---

[1] For purposes of § 4B1.1(a) , a defendant is a career offender if he was at least eighteen years old when the instant offense was committed, the instant offense is a felony and is either a crime of violence or a drug offense, and he has at least two prior felony convictions for crimes of violence or drug offenses. See U.S. Sentencing Guidelines Manual § 4B1.1(a) (2009); *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W.Va.) (noting that two prior felony convictions of either a crime of violence or a controlled substance offense are sufficient for a career offender enhancement pursuant to U.S.S.G. § 4B1.1(a)), *aff'd*, 291 F.3d 257 (4th Cir. 2001), *cert. denied*, 537 U.S. 938 (2002).

> discretion to sentence Leach to a maximum sentence of eleven-to-fourteen months imprisonment without any further factual or legal findings. See *United States v. Simmons*, 649 F.3d 237, 243, 2011 WL 3607266, *5 (4th Cir. 2011) (holding that, for prior North Carolina convictions where no aggravating or mitigating circumstances are present, test is whether defendant could receive more than one year in prison based upon his offense class and prior record level).

*United States v. Leach*, 446 F.App'x 625, 626 (4th Cir. Sept. 15, 2011) (per curiam).[2] The Fourth Circuit Court of Appeals held that the Petitioner's drug conviction was "a qualifying conviction for career offender purposes, and the district court's calculation of the Guidelines range was not procedurally unreasonable." (*Id.*). Petitioner did not seek further review.

On September 10, 2012, Petitioner filed a § 2255 motion in the federal sentencing court, alleging that: 1) counsel had been constitutionally ineffective for allegedly failing to challenge Petitioner's career offender status; (2) he was entitled to relief under *Simmons*; and (3) his sentence should be vacated in light of the Fair Sentencing Act of 2010 and *Dorsey v. United States*, 132 S.Ct. 2321 (2012). *See Leach*, 2013 WL 6800829, *1-2.[3] The court rejected those arguments, dismissed the Petitioner's § 2255 motion on June 3, 2014, and denied a certificate of appealability. (*Id.*). Petitioner acknowledges this. (DE# 1 at 2, 9).

Regarding Petitioner's § 2255 challenge to his career offender designation under the U.S. Sentencing Guidelines, the sentencing court explained that:

> Petitioner is barred from bringing this current claim because he raised this claim on direct appeal and the Fourth Circuit rejected it. See *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (stating that a petitioner "recast, under the guise of collateral attack, questions fully considered" on direct appeal). Moreover, as the Fourth Circuit correctly

---

[2] In *Simmons*, the Fourth Circuit Court of Appeals held that, for purposes of the enhanced sentencing provisions of the Controlled Substances Act, an offense is considered a felony only if the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act. *Id.*, 649 F.3d at 247.

[3] A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

> observed, Petitioner's conviction qualified as a predicate felony conviction under *Simmons* because Petitioner was subject to a sentence of more than one year. Accordingly, Petitioner's claim is barred and, as the Fourth Circuit already held, completely without merit.

*Id.* at *2 (dismissing § 2255 motion). The Fourth Circuit Court of Appeals affirmed, and the United States Supreme Court denied certiorari on February 23, 2015. *See Leach v. United States*, 2013 WL 6800829 (W.D.N.C. Dec. 23, 2013), *appeal dism'd*, 574 F.App'x 270 (4th Cir. June 3, 2014), *cert. denied*, 135 S.Ct. 1453 (Feb. 23, 2015).

Petitioner has now filed a petition pursuant to 28 U.S.C. § 2241, again seeking to challenge the enhancement of his federal sentence based on his career offender designation under the Sentencing Guidelines. This time, Petitioner bases his argument on the other predicate felony, i.e. his North Carolina conviction for voluntary manslaughter. Petitioner asks this Court to "remand for resentencing without the imposition of the career offender enhancement." (DE# 1 at 7).

### III. Discussion

#### A. Unauthorized Successive § 2255 Motion

Although Petitioner has labeled his present petition under § 2241, he appears to be attempting to bring an unauthorized second or successive § 2255 motion. "[B]efore a prisoner can pursue a qualifying 'second or successive' § 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999). See 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

A petitioner's failure to obtain authorization to file a "second or successive" petition deprives the district court of jurisdiction to consider the second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (citing § 2244(b)(3)(A)). Pursuant to 28 U.S.C. § 2244, only

the Fourth Circuit Court of Appeals would be authorized to consider a request by the Petitioner to file a second or successive habeas petition. This Court lacks jurisdiction to consider an unauthorized successive § 2255 motion. If Petitioner wishes to file a successive § 2255 motion, he would have to first apply for permission from the Fourth Circuit Court of Appeals.

### B. § 2241 Petition, Seeking to Proceed Under Savings Clause of 28 U.S.C. § 2255(e)

Petitioner has previously filed a § 2255 motion that unsuccessfully challenged his sentence based on his career offender status. He has now filed a § 2241 petition that again seeks to challenge his sentence based on his career offender status. (DE# 1 at 8-10). Petitioner asks for resentencing without the career offender enhancement. He seeks to proceed under the savings clause of 28 U.S.C. § 2255(e). Petitioner indicates that the AEDPA's one-year period of limitations prevents him "from filing any further habeas petition[s] under 28 U.S.C. § 2255." (*Id*. at 9). He concludes that "therefore § 2255 is inadequate and ineffective to test the legality of his detention" and that he should be allowed to proceed under § 2241. (*Id*.).

A defendant convicted in federal court generally must seek habeas relief from his conviction and/or sentence through § 2255, not through a § 2241 petition. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Petitioner cannot challenge his federal sentence under § 2241 unless he can satisfy the § 2255(e) savings clause, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Although Petitioner did not obtain relief under § 2255, the Fourth Circuit Court of Appeals has explained that "the remedy afforded by § 2255 is not rendered inadequate or

ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n. 5; *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *see also In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (holding that § 2255's limitation on filing successive motions does not render it an "inadequate remedy" for a prisoner who previously filed an unsuccessful § 2255 motion).

The Fourth Circuit Court of Appeals applies the following test to determine whether a petition challenging a conviction or sentence can be brought via the savings clause under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. This test provides a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." *Id.* at 333 n. 3. In the present case, Petitioner has not alleged (under the second prong) that the conduct for which he was convicted (voluntary manslaughter) has been deemed "not to be criminal" by any substantive law change.[4]

The Fourth Circuit Court of Appeals has held that the savings clause only preserves claims where the petitioner alleges actual innocence of a conviction, i.e. a fundamental miscarriage of

---

[4] Under the third prong, Petitioner correctly indicates that *Mathis* did not announce a new rule of constitutional law retroactively applicable to cases on collateral review. (DE# 1 at 2, ¶ 4). *See Mathis*, 136 S. Ct. at 2243 (indicating its decision was based on longstanding precedent); *Dawkins v. United States*, 829 F. 3d 549, 551 (7th Cir. 2016) (holding *Mathis* did not announce a new rule of constitutional law made retroactive by the Supreme Court); *United States v. Saunders*, 2017 WL 1612542, *3 (W.D. Va. Apr. 28, 2017) (same); *United States v. King*, 2017 WL 978549 (S.D. Ohio Mar. 14, 2017) (same, "*Mathis* did not create a new substantive right which is applicable to cases pending on collateral review").

justice. *Rice*, 617 F.3d at 807; *see also Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("Inadequate or ineffective means that a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence."). The United States Supreme Court has emphasized that "it is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The Fourth Circuit Court of Appeals has held that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir.), *cert. denied*, 562 U.S. 1055 (2010); *see also Darden v. Stephens*, 426 F.App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach petitioner's claim that he was actually innocent of being a career offender).

The Fourth Circuit Court of Appeals has not extended the reach of the savings clause to petitions, such as the present one, that only challenge a sentence. *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *Rouse v. Wilson*, 2014 WL 12521458 (E.D.VA. Feb. 19, 2014), *appeal dism'd*, 584 F.App'x 76 (4th Cir. 2014) (petitioner could not challenge his career offender enhancement under § 2241); *Farrow v. Revell,* 541 F.App'x 327 (4th Cir. 2013) ("we conclude, as the district court did, that Farrow's challenge to his armed career criminal status is not cognizable in a § 2241 petition"). In other words, the Petitioner's challenge to his sentencing enhancement is not cognizable under § 2241 via the § 2255 savings clause.

Petitioner challenges his sentencing enhancement based on the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) (explaining how courts should determine whether state crimes can be used as predicate offenses under the Armed Career Criminal Act – "ACCA"). The United States Supreme Court held that when determining whether an offense

qualifies as a predicate under ACCA, the court takes a modified categorical approach, which means looking to the statutory elements of the offense rather than the means of commission. *Id.*, 136 S. Ct. at 2257 (finding that a burglary conviction under an Iowa statute could not serve as a predicate violent felony to enhance the prisoner's sentence under the ACCA). Petitioner argues that his prior conviction for voluntary manslaughter does not "categorically qualify as a crime of violence under § 4B1.1 of the United States Sentencing Guidelines ("USSG"). (DE# 1 at 8-10). He contends that "the P.S.R. court improperly employed the use of his prior N.C. conviction for involuntary manslaughter as a predicate offense." (*Id*. at 10).

However, the *Mathis* decision concerned the ACCA and does not apply to Petitioner's sentence, which was determined under the advisory U.S. Sentencing Guidelines. The United States Supreme Court recently distinguished a guidelines sentence from a sentence imposed under the ACCA's residual clause, holding that the residual clause in USSG § 4B1.2(a) was not subject to a vagueness challenge. *Beckles v. United States*, 137 S.Ct. 886 (2017) (distinguishing *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015) which invalidated the ACCA's residual clause as unconstitutionally vague under the Due Process Clause of the Fifth Amendment).

As already discussed, *Mathis* did not decriminalize the conduct (voluntary manslaughter) for which Petitioner was convicted, and under Fourth Circuit precedent, Petitioner cannot satisfy § 2255's savings clause to seek relief under § 2241 based on *Mathis. In re Jones*, 226 F.3d at 333–34. Research reflects numerous cases holding that a petitioner may not proceed under § 2241 to challenge a sentencing enhancement. *See, e.g., Ross v. Mosely*, Case No. 0:17-1684-HMH-PJG, 2017 WL 3835844 (D.S.C. Aug. 11, 2017), *adopted by*, 2017 WL 3783236 (D.S.C. Aug. 31, 2017); *Rogers v. Ramirez*, Case No. 6:17-1479-HMH-KFM, 2017 WL 3701238 (D.S.C. July 28, 2017), *adopted by*, 2017 WL 3676583 (D.S.C. Aug. 17, 2017); *Rahim v. Joyner*, Case No. 9:17-

961-JMC-BM, 2017 WL 4179851 (D.S.C. July 19, 2017), *adopted by*, 2017 WL 4168571 (D.S.C. Sep. 20, 2017); *Spencer v. Mosley,* Case No. 6:17-01666-RBH-KFM, 2017 WL 3499290 (D.S.C., July 11, 2017), *adopted by*, 2017 WL 3485733 (D.S.C. Aug. 14, 2017); *Fincher v. Ramirez*, Case No. 9:17-725-BHH-BM, 2017 WL 3588821 (D.S.C. June 16, 2017), *adopted by*, 2017 WL 3582276 (D.S.C. Aug. 18, 2017); *Richardson v. Mosley*, Case No. 8:17-747-PMD-JDA, 2017 WL 2974289 (D.S.C. July 12, 2017).

## IV. Recommendation

Accordingly, the Magistrate Judge recommends that the Petition (DE# 1) be **summarily dismissed** without prejudice and without requiring the Respondent to file a return.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 14, 2017
Charleston, South Carolina

The parties' attention is directed to the **Important Notice** on the next page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).