IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony Scott Leach, #23342-058, | Civil Action No. 2:17-1669-RMG |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| Gio Ramirez, *Warden*, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that the petition for habeas relief under § 2241 be summarily dismissed. On July 7, 2009, Petitioner pleaded guilty in federal court to two narcotics trafficking offenses. Petitioner qualified as a career offender, and the sentencing court imposed a sentence of 262 months imprisonment—the bottom of the advisory guideline range. On September 10, 2012, Petitioner filed a § 2255 motion in the sentencing court, which was denied. *Leach v. United States*, Case No. 5:09-cv-16-RLV, 2013 WL 6800829 (W.D.N.C. Dec. 23, 2013).

Petitioner, incarcerated in South Carolina, now has filed a petition under § 2241 challenging his sentence. Petitioner seeks to proceed under the savings clause of § 2255(e), arguing that a § 2255 motion would be inadequate because the statute of limitations for a § 2255 motion has lapsed. It is well established that § 2255 is not an inadequate remedy under the savings clause merely "because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Regardless, the savings clause does not reach petitions that only challenge a sentence. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Because Petitioner fails to satisfy the § 2255(e) savings clause, his petition for habeas

relief must be construed under § 2255, not § 2241. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

Petitioner previously filed a motion for relief from his sentence under § 2255. This Court lacks jurisdiction to hear a successive petition for relief under § 2255 unless the United States Court of Appeals for the Fourth Circuit authorizes a successive petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). In this case, the Fourth Circuit has not authorized a successive petition. The Court therefore **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 9) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** the petition for habeas relief for lack of subject-matter jurisdiction.

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 6, 2017
Charleston, South Carolina